Good morning. May it please the Court, my name is Gia Kim, appearing on behalf of Appellant Duane Moore. Section 5200A of the California Vehicle Code provides that, quote, when two license plates are issued by the Department for use upon a vehicle, they shall be attached to the vehicle for which they were issued, one in the front and the other in the rear. This case boils down to the question of whether reasonable suspicion for a violation of this statute requires reasonable suspicion for a violation of the first part of the statute, the when two plates are issued language. And if so, whether the arresting officers here or the officers who conducted the traffic stop here had specific articulable facts to support reasonable suspicion that two plates had in fact been issued. I'm confused by your argument, counsel. I understand that you're going to talk to us about the little sticker, but is there any question in your mind that 5200A requires that there be plates on the front and the back? It requires plates on the front and the back when the plates have actually been issued. In this case... No, that's not what it says. Oh, I'm sorry, it does say that when they're issued. But the reality is from a police person's perspective, they don't know whether they've been issued or not, but they look at this and they see no plates. Isn't that an absolute, almost an assurance that if you have a patrol car following you and you don't have plates, they're going to stop you? I don't believe so, Your Honor. For this reason, in California Vehicle Code 4456, it specifically provides that for new cars with a temporary registration application in the window, you can drive for six months or until the license plates have been issued, whichever comes first. But is there any way for a police officer to tell from a patrol car whether or not you've complied with that part of the statute? There could be, Your Honor. There could be other ways of establishing results. Very fine glasses that you can look and see what's showing? I believe you could do so based on the age of the car. You know there's testimony in this case that officers frequently find that stolen cars follow this format where people just put a little sticker up there and it's a stolen car. I guess my point is you can't really tell from outside without actually carefully examining what you've got there, whether or not that other statute's been complied with, can you? You can't, but I think the state courts as well as the Fourth Circuit have been very consistent in saying if you see a car without license plates but it has a temporary tag or a temporary license plate or a dealer tag, whatever the provisions are in that particular state, you cannot stop that car just to check the particulars of an apparent. If you know that, they have that. But the testimony here is that the officers didn't really notice one way or another. You've got the car going through the one car calls the other. They see somebody going through, I guess it was a kind of a mall parking lot or something like that. The other police check. From all they can tell, there are no plates. So they stop. Only afterwards do they find that there's something on the back window. It should be on the front window when it's supposed to be on the back window unless you can't see something from there. Why isn't that reasonable conduct on their part? I would draw this Court's attention to two traffic stop cases. They're actually not license plate cases, but in terms of statutory interpretation traffic stop cases, this Court's always drawn a clear distinction between mistakes of fact and mistakes of law. And mistakes of law cannot be in good faith. Mistakes of fact can be in good faith. And the reason this Court is such a stickler about the mistakes of law is that police officers are expected to know the laws they're enforcing. I accept that. If this is a mistake of law, then your client wins. The problem here, though, is that the statute dealing with the temporary permit, you really can't tell whether there's compliance there until you actually carefully examine what's there on the window, can you? You can't, Your Honor. But there is no indication that they even looked for any such temporary permit or registration application in this case, and I think that's the difference. Was that because the conduct of your client tipped them off to other problems before they ever got to that? Well, certainly if there was conduct that raised reasonable suspicion that the car was stolen or that there was a registration violation or that there were weapons in the car, they would have had to meet reasonable suspicion for a violation of that statute. But the only statute that they articulated reasonable suspicion for was 5200A, which provides that it's not a violation of law to drive without license plates unless those license plates have been issued. And I think the case, in terms of statutory interpretation, that's most on point here is U.S. v. Mariscal, which is a case involving an Arizona statute involving signaling before turning. And the court closely looked at that statute and said, even though the common understanding of that statute is you must always signal before turning, if you look at what the statute actually says, you must only signal before turning if other traffic is affected. And in that case, it wasn't quite clear whether the officers had made a mistake of law or they just simply failed to gather the relevant facts, but the court held them to fulfilling reasonable suspicion for the evidence of affected traffic, not just signaling without turning. Another case that's important... So what's the mistake of law here? The mistake of law, which came out primarily through the officers' testimony on cross-examination, is that they did not seem to have any understanding of the fact that the statute is only violated if two plates have been issued. Well, but the officers knew that a sticker could go in the front window. The officers testified, at least one of the officers testified, that in his experience sometimes stolen cars placed a temporary tag on there, so there was no way to verify whether the tag was effective except to go and look at it. A license plate is obvious. It's of a particular size, and it may have a, you know, you can tell whether it's got a current sticker or not simply on a visual, but something that's stuck in the window, if you've got a tint on the window or if it hasn't been, if it's faded or it hasn't been written in bright pen, you can't always tell when the expiration date is on the temporary tag or whether it's valid. I think the difference here is between a failure to look and a failure to see, and these license plate cases that the government cites, there's a failure to see. Sometimes the license plate was mounted in the wrong plate. There was a tint on the window. It was dark, and people were moving fast. But what the officer's testimony on cross-examination in the hearing showed was Officer Larson, the officer who was driving the patrol car that conducted the stop, was asked, you know, what statute would this possibly be a violation of? And he said Section 5200 must have front and rear plates at all times. And that's simply not what Section 5200 says. It does not say that you have to have front and rear plates at all times. Mr. Moore in this case didn't actually violate. But the officers also testified that they didn't see a temporary tag in the back window. Now, the car went by in such a way that they couldn't see the front windshield. So once they knew that it didn't have license plates on it and that they couldn't see a temporary tag in the back window, what were the officers supposed to do? I believe that the officer's testimony was that they did not look in the front windshield, not that they couldn't see it. Well, once the cars pass them, they can pass the car and then get in front of it, I suppose. What were the officers supposed to do here? I mean, Your Honor, I think they would have to just have reasonable suspicion and doesn't necessarily have to be based on the sticker or not that the car was without outside of the six-month period in which it could drive without plates as a new car. Right, but if they can't see the sticker at all, then it may well be a violation of 5200. If there isn't an appropriate piece of paper in the front window, then they have a violation of 5200, don't they? Well, this can't be a reasonable mistake of fact, I would argue, Your Honor, because they didn't look for the sticker. Well, the car's gone by them. That's very difficult to see something on a front windshield once the car has passed you. The one guy's looking in his rear-view mirror in the parking lot of Taco Bell. The second car with the two officers, as you know, were notified by the first officer, there's a car coming, it may be in violation of 5200 because it doesn't have plates. It's a silver Chrysler. At that point, the reasonable thing to do, in my view, would have been to actually they looked at the front license plate area. I don't think looking at the front license plate area would have made a violation more, you know, necessarily more or less likely because, as the California Supreme Court noted, there isn't really a situation where a regular passenger car would have one plate but not the other. They had an opportunity. And if you only had one plate, you certainly wouldn't have it on the front and not on the back. Certainly, Your Honor. Given your construction of 5200, it seems to me that the police are put in a catch-22 because unless they can find out whether a plate has been issued for the car, they can't tell whether the statute's been violated. And because there's no license on the car, they can't even check to find out whether the car has had a plate issued. Your Honor, I admit that that does put the police in a difficult situation, but this is a situation created by the statutory framework and the DMV regulations governing the plate. Basically, your argument is that if you don't have plates on your car, the police have no basis for stopping you no matter what. No, Your Honor. I would argue that, you know, if the officers here had said this is an older car, it can't be driving around with just a temporary registration application that's applicable to new cars. Even if they were wrong about that and they thought it was an older car but it actually was a new car, that would probably be a reasonable mistake of fact. But that there are other things that they can look at to ascertain whether the car is within that statutory safe harbor for new cars. And I see my time has expired. Thank you, Ms. Campbell. Mr. Baldwin. May it please the Court. I'd like to start with the facts observed by the officers, the specific facts, because the key question in this case is not the mistake of law or the alleged mistake of law. The key question is whether the objective facts observed by the officers supported reasonable suspicion to make this traffic stop. And the district court found that they did. The facts that the officers observed, well, first they saw that the car had no front or back plates. They also saw that although there was an advertisement for a dealership in the rear frame, the car didn't look like a new car. And the defense counsel in her argument conceded that reasonable suspicion, that there may be reasonable suspicion for a stop or for a violation of this statute if the car looked old. Well, this was a five-month-old car. This didn't look like a car that had been driven off the lot, as the officer testified. As the court found, it was not a new car. The officer testified that it appeared dirty. He was the officer who made the stop. And none of the officers noticed anything in the front or rear windshield. They approached the car from behind and pulling it over. One of the officers approached on the passenger side and didn't see anything. The other officer approached and they were focused on the passengers of the car. Those were the facts that they observed before they made this stop. Now, those facts were sufficient to support reasonable suspicion for this, for a violation of 5200. The California Supreme Court found under almost identical circumstances in In Re. Raymond C. that where an officer saw no plates and where an officer didn't really have a chance to see the front windshield but didn't see anything in the back windshield, that that was reasonable suspicion for a traffic stop based on 5200. Additionally. And then the court construed California Vehicle Code, Section 5200A, in the same way that Ms. Kim has described it. I'm not talking about the actual wording, but the idea that you'd have to check to find out whether the department had issued plates before you could rely on the fact that if there were not two plates, there was a potential problem. As I understand the Court's question, it's not necessarily whether a court has construed the specific language of that statute, but instead what's required for reasonable suspicion. Right.  Is there any case law to that effect? Actually, I would argue that there's case law to the opposite effect. Okay. Essentially, in Re. Raymond C., which was a case where an officer was driving behind what was really a brand new car. It was two weeks old. And the officer didn't see anything in the front windshield and pulled that car over. There was no indication that plates had been issued for the car. There's nothing in the statute. If anything, the fact that that car was brand new would imply that plates had not been issued. Nevertheless, there the Court found that based on what the officers had seen, which was simply no plates and nothing in the rear windshield, that the stop was valid. So in Re. Raymond P., from your perspective, stands at least for the proposition that the want of plates on the front and the back, even with a new car, may be sufficient, provide sufficient reasonable suspicion for a stop. Yes, Your Honor. With one clarification. The lack of plates on the front or back of a car and the fact that officers did not appear to see any temporary registration sticker posted in the lawsuit. Was that in the Raymond P. case as well? The Raymond C. case. That's right, Your Honor. The officer in that case did not see anything posted. He didn't have an opportunity to see the front windshield. He saw the back. But the Court found that he was not required to negate the possibility that there was a temporary registration sticker posted before he did the stop. Instead, the Court found, as here, that once you see no plates and you have reason to believe that the car should have plates, you can pull that car over for the limited purpose of seeking whether there's license and registration for the car. I would also argue that actually such a requirement would be inconsistent with the case law, the established case law, that officers are not required to negate every potential innocent explanation for a potential violation. Here, the officers saw a car that appeared older. It seemed anomalous that it didn't have plates. The case law is clear. They're not required to negate or investigate every innocent possibility for why it may not have plates before they can make a traffic stop based on that suspicion. As I said before, the touchstone in this case is whether the observed facts by the officers supported reasonable suspicion. And that's actually the case even if there was a mistake of law. I just want to make one clarification. I think it was said earlier that if there was a mistake of law, maybe defendant wins in this case. Actually, the authority relied on by defendant, the Mariscal case, acknowledges that officers can make a mistake of law, as long as what they actually observed would support reasonable suspicion for a stop. The Court there said even if the officer is not certain about exactly what it takes to constitute a violation, a stop is valid if the objective facts were sufficient. Which case is this? That's a case cited by defendant, the Mariscal case. How do you spell that? M-A-R-I-S-C-A-L, Your Honor. Okay. And I would point to two examples. The first is the Wallace case, which is a case from this circuit, where an officer saw a front windshield that was tinted. And the officer believed, wrongly, that it was illegal to drive with any tinting of your front windshield. As it turns out, you can tint your front windshield, but only to a certain percentage. Now, the officer, although the officer pulled the car over, based on his mistaken understanding of the law, the stop was still valid, because as it turns out, the windshield was tinted further than it was supposed to be actually under the statute. Similarly, the Delphin Colina case, which is cited in the government's briefing. There, the officer saw something hanging from the rearview mirror of the car. The officer thought, wrongly, that the law prohibited anything from being hung on the rearview mirror. As it turns out, the law only prohibits something that would block the driver's view or obstruct their view while driving. Nevertheless, even though the officer was mistaken about the law and pulled the person over in that case based on a mistaken understanding of the law, because the objective facts that they observed were sufficient for reasonable suspicion – oh, I should clarify. In Delphin Colina, what the law actually required was that if it blocked their view, then the stop would be appropriate. And because the facts of the case were sufficient to show that the item that was hanging in the windshield would have blocked the driver's view, the stop was held to be valid. I think that defendants' mistake-of-law cases are distinguishable for that reason. The Lopez Soto case is a case where an officer was driving and saw a car from Baja, California, with a Baja, California plate, and the officer mistakenly thought that Baja, California requires the sticker to be posted in the rear windshield. Well, as it turns out, it's supposed to be posted in the front windshield. So the Ninth Circuit held that that officer's mistake-of-law invalidated the stop because all of the facts he observed, basically that there was nothing in the rear windshield, were irrelevant to whether or not there was a violation of that statute. I would also note that even if the officers had seen something in this case, that would not have dispelled reasonable suspicion here. The theory is that the officers, if they had seen this piece of paper, which I think you can see from Excerpt of Record 149, it's literally just a folded-up piece of paper. It's not a sticker. It's not something that displays any information about the vehicle, which is what the district court found. Even if the officers had seen that, that would not have dispelled their reasonable suspicion that the car was being driven improperly. The California Department of Vehicles, Motor Vehicles, requires that if you're going to have a temporary registration, it be posted in the rear windshield, unless it would be obscured. Now, the photographs of the car at Excerpt of Record 148 reflect that there's nothing in the mirror or in the windshield and back which would have blocked the view. So it would have been anomalous to the officers, if having seen the rear windshield that something would be posted in the front. So unless there are any further questions, I'll submit. Okay. Thank you, Mr. Bowman. Ms. Kim, I think you used up your time, but I will give you a minute, if there's something that you'd like us to know. Thank you, Your Honor. I would just like to respond to the government's citation of Wallace and Mariscal. Wallace was the tinting case that the government just mentioned, in which the officer was mistaken as to the he thought all tinting was illegal, actually it was only a certain percentage of tinting. That case is not, does not immunize mistakes of law, except in the very narrow circumstance where the observed facts in fact constituted a violation. So when Wallace, he was wrong about the degree of tinting that was prohibited, but in fact, that car did violate the tinting law. Here, Mr. Moore's car, you know, it was never mentioned in the suppression hearing that he was cited for this violation of 5200 because the plates hadn't been issued. So in fact, there was no violation in fact that would serve to, you know, immunize the mistake of law. If there are no further questions, I would submit. Thank you. Thank you, Ms. Kim. We thank both counsel for the argument. And with that, we've completed the calendar for today. Once the panel has departed the courtroom, the court will stand in recess until tomorrow. I want to submit this last case. Which one? Oh, yeah. Yeah. United States v. Moore is ordered to submit it. Thank you. Thank you.
judges: Nelson T. G., Bybee, Smith M.